NORMAN H. HOVGAARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hovgaard v. Commissioner
Docket No. 14961-91
United States Tax Court
T.C. Memo 1994-181; 1994 Tax Ct. Memo LEXIS 182; 67 T.C.M. (CCH) 2745; April 26, 1994, Filed *182 Decision will be entered under Rule 155. Norman H. Hovgaard, pro se. For respondent: Margaret Rigg. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)(1)
1983
$ 4,528.00
$ 1,076.25
$ 226.40
1985
4,984.00
1,149.50
249.20
Additions to Tax
Year
Sec. 6653(a)(2)
Sec. 6654(a)
1983
50 percent of
$ 258.99
the interest
due on $ 4,528.00
1985
50 percent of
257.04
the interest
due on $ 4,984.00
After concessions by petitioner the only issues remaining for consideration are: (1) Whether petitioner is subject to an addition to tax for failure to timely file his 1983 and 1985 income tax returns under section 6651(a)(1). [1] We hold that he is. *183 (2) Whether petitioner is subject to additions to tax for negligence under section 6653(a)(1) and (2) for the 1983 and 1985 taxable years. We hold that he is. (3) Whether petitioner is subject to an addition to tax for failure to pay estimated income tax under section 6654 for the 1983 and 1985 taxable years. We hold that he is. FINDINGS OF FACT The facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein. Petitioner resided in Castro Valley, California, at the time the petition was filed. Petitioner has not filed Federal income tax returns for taxable years 1983 and 1985. Petitioner is an iron worker. During taxable year 1983, petitioner received wage income of $ 20,489 from Western States Steel and wage income of $ 1,590 from Romak Steel Co. During taxable year 1985, he received wage income of $ 2,228 from Herrick Corp., wage income of $ 13,377 from Dillingham Heavy Construction, and wage income of $ 8,935 from RPM Erectors. Respondent mailed deficiency notices to petitioner for taxable years 1983, 1984, and 1985. In response, petitioner filed a petition with this Court requesting that the Court redetermine *184 his tax liability for taxable years 1973 through 1990. The petition was dismissed with respect to all years for which respondent did not mail a notice of deficiency. Taxable year 1984 was also dismissed because the petition was not filed within the time prescribed under sections 6213(a) and 7502. [2]
OPINION At trial, petitioner did not address any of the issues to be determined by the Court. Petitioner's testimony consisted entirely of complaints regarding the treatment he received from the Internal Revenue Service (IRS), as well as allegations that the IRS owed him approximately $ 300,000 for the value of a house which he claims the IRS caused him to lose. Issue 1. Section 6651(a) Addition to Tax for Failure To File
The parties stipulated that petitioner failed to file returns for taxable years 1983 and 1985. Section 6651(a) imposes an addition to tax for failure *185 to file a tax return or to pay any tax owing by the applicable due date, unless it is shown that such failure is due to reasonable cause and not willful neglect. Petitioner bears the burden of proving that his failure to file a timely return was due to reasonable cause and not willful neglect. Rule 142(a); . Petitioner offered no evidence that his failure to file a return was due to reasonable cause and not willful neglect. Accordingly, we find that petitioner is subject to the addition to tax under section 6651(a) for taxable years 1983 and 1985. Issue 2. Section 6653(a) Addition to Tax for Negligence
Respondent also asserted that petitioner's underpayment of income taxes in each year at issue was due to negligence or intentional disregard of rules or regulations and determined an addition to tax for negligence under section 6653(a)(1) and (2). Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence or intentional disregard of rules or regulations, and section 6653(a)(2) imposes an addition to tax *186 equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. ; see , affg. . Negligence is measured by an objective standard. , affg. . Respondent's determination of negligence is presumed correct and petitioner bears the burden of proving otherwise. , affg. ; . Petitioner presented no evidence that the underpayment of tax for the years in issue was not due to negligence or intentional disregard of rules or regulations. Accordingly, we find that *187 petitioner is subject to the additions to tax for negligence for taxable years 1983 and 1985. Issue 3. Section 6654 Failure to Pay Estimated Income Tax
Section 6654(a) imposes an addition to tax for underpayment of estimated tax by a taxpayer. Petitioner bears the burden of proof with respect to this determination. Rule 142(a); . Furthermore, application of section 6654 is mandatory unless the taxpayer places himself within one of the computational exceptions provided in subsection (d) or (f) thereof for taxable year 1983, or subsection (e) for taxable year 1985. . Petitioner's admissions establish that he failed to file any tax returns for 1983 and 1985. Petitioner has also failed to show that he falls within one of the exceptions to the imposition of the addition to tax under section 6654(a). Accordingly, we find that petitioner is subject to the addition to tax under section 6654 for taxable years 1983 and 1985. Petitioner's testimony at the hearing related only to the conduct of the IRS in the handling of *188 his case. Petitioner was informed by this Court prior to trial, and again during trial, that the United States Tax Court is a court of limited jurisdiction. It may therefore exercise jurisdiction only to the extent expressly provided by statute. . Petitioner was advised during the trial by this Court that he had selected an improper forum in which to vent his frustrations in dealing with the IRS. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise provided, all statutory references are to the Internal Revenue Code in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All statutory references, for purposes of jurisdiction, are to the Internal Revenue Code as in effect at the time the petition was filed.↩